**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VIDEOSHARE, LLC, a Delaware limited liability company, | |
| Plaintiff, | |
| v. | Civil Action No: 13-cv-990 (GMS) |
| GOOGLE INC, a Delaware corporation; and YOUTUBE LLC, a Delaware limited liability company. | |
| Defendant; | |
| -------------------------------------------------------- | |
| VIDEOSHARE, LLC, a Delaware limited liability company, | |
| Plaintiff, | |
| v. | Civil Action No: 13-cv-991 (GMS) |
| VIDDLER, INC., a Delaware corporation, | |
| Defendant; | |
| -------------------------------------------------------- | |
| VIDEOSHARE, LLC, a Delaware limited liability company, | |
| Plaintiff, | |
| v. | Civil Action No: 13-cv-992 (GMS) |
| VIMEO, LLC, a Delaware limited liability company. | |
| Defendant. | |

1

**JOINT STATUS REPORT**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, District of Delaware Local Rule 16.2, and the Court's October 30, 2014 Order Scheduling a Rule 16.2b Scheduling Teleconference, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by Federal Rule of Civil Procedure Rule 26(f) on November 11, 2014. Farnan LLP and Dovel & Luner LLP participated on behalf of plaintiff VideoShare, LLC ("Plaintiff"), Morris Nichols Arsht & Tunnell LLP and Akin Gump Strauss Hauer & Feld LLP participated on behalf of defendants Google Inc. and YouTube LLC (collectively, "YouTube"), and defendant Vimeo, LLC ("Vimeo"), and Richards, Layton & Finger, P.A. and Troutman Sanders LLP participated on behalf of defendant Viddler, Inc. ("Viddler").

**1.     Jurisdiction and Service**: The parties agree that the Court has subject matter jurisdiction and that all parties are subject to the Court's jurisdiction. All defendants have been served.

**2.     Substance of the Action**: The above-captioned actions are related patent cases that the parties agree should be coordinated for pre-trial purposes. Plaintiff VideoShare alleges that Defendants YouTube, Viddler, and Vimeo are infringing United States Patent No. 8,438,608 entitled "Sharing a Streaming Video" (the "'608 patent") and that YouTube and Viddler are infringing United States Patent No. 8,464,302 entitled "Method and System for Sharing Video with Advertisements Over a Network" (the "'302 patent") by using VideoShare's patented technology in products and services that they make, use, import, sell, and offer to sell. VideoShare also alleges that YouTube's infringement is willful. Defendants' allegedly infringing products and services include their products and services for receiving, converting,

and sharing streaming video, including those marketed respectively as YouTube, Viddler, and Vimeo.  VideoShare seeks an injunction and damages.

YouTube, Vimeo, and Viddler deny that they infringe any claim of the '608 patent (under any alleged theory of infringement) and YouTube and Viddler deny that they infringe any claim of the '302 patent (under any alleged theory of infringement).  YouTube, Vimeo, and Viddler contend that the '608 patent is invalid and/or unenforceable, and YouTube and Viddler contends that the '302 patent is invalid and/or unenforceable.  YouTube and Viddler have alleged eleven affirmative defenses, and Vimeo has alleged ten affirmative defenses.  The defendants request attorneys' fees, and reserve the right to add additional contentions and defenses that may be revealed during discovery.

     **3.**    **Identification of Issues:**  The parties dispute issues relating to claim construction, infringement, validity, and damages.

     **4.**    **Narrowing of Issues**: The parties anticipate that as discovery proceeds and the case develops, there will be potential for narrowing issues by agreement and dispositive motion practice.

     **5.**    **Relief:**  VideoShare seeks compensatory damages awarding VideoShare damages caused by Defendants' infringement of the asserted patents, a decree enjoining Defendants from further infringement of the asserted patents, enhanced damages under 35 U.S.C. § 284, costs of suit and attorneys' fees, pre-judgment interest, and any other relief that justice requires.

YouTube contends it is entitled to the relief requested in the Prayer For Relief in its Answer. (D.I. 10.)  Vimeo contends it is entitled to the relief requested in the Prayer For Relief in its Answer. (D.I. 8.)  Viddler contends it is entitled to the relief requested in the Prayer For Relief in its Answer. (D.I. 13.)  Defendants seek judgment against VideoShare on each of VideoShare's claims, attorneys' fees under 35 U.S.C. § 285, and any other relief justice requires.

6. **Amendment of Pleadings:** The parties are not currently aware of any need to amend the pleadings at this time.

7. **Joinder of Parties:** The parties are not currently aware of any parties that should be joined at this time.

8. **Discovery:** The parties submit this discovery and scheduling plan for the Court's consideration.

**Schedule**:

| Event | Proposed Date |
|---|---|
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) and Default Standard for Discovery of ESI Rule ("Discovery Rule") 3 | December 19, 2014 (30 days after Rule 16 conference) |
| Plaintiff serves specific identification of accused products, and produce file histories. Parties to submit ESI Agreement. | December 19, 2014 |
| Defendants produce core technical documents related to the accused products | January 30, 2015 (42 days after plaintiff identifies accused products, produces file histories, and preliminary asserted claims) |
| Plaintiff serves initial claim chart | March 2, 2015 (30 days after defendants produce core technical documents related to the accused products) |
| Defendants serve initial invalidity contentions | April 1, 2015 (30 days after plaintiff serves initial claim chart) |
| Defendants inform plaintiff whether it will rely on advice of counsel as defense to willful infringement; Defendants produce any such opinions of counsel on which defendant intends to rely | May 20, 2015 |
| Parties to exchange proposed claim terms to be construed | June 26, 2015 |
| Parties to exchange preliminary claim | July 17, 2015 |

| | |
|---|---|
| constructions | |
| Parties to file a joint claim construction chart | August 6, 2015 |
| Parties to simultaneously file opening claim construction briefs. | August 20, 2015 |
| Parties to simultaneously file answering briefs. | September 4, 2015 |
| Parties to file Joint Appendix with the Court. | September 9, 2015 |
| Claim construction hearing | October 2, 2015, or as permitted by the Court's schedule |
| Joinder of other parties and amendment of pleadings | October 9, 2015 |
| Fact discovery completed | January 22, 2016 |
| Opening expert reports (based on burden of proof) | January 29, 2016 |
| Rebuttal expert reports | April 20, 2016 |
| Expert discovery completed | May 25, 2016 |
| Summary Judgment Request Letter Request / *Daubert* motions filed | May 27, 2016 |
| Summary Judgment Opposition Letter / *Daubert* motions filed | June 24, 2016 |
| Summary Judgment Reply Letter/ *Daubert* motions filed | July 6, 2016 |
| Summary Judgment Motions (if permitted) | Within two weeks of the Court's decision permitting the filing of any such motions |
| Pretrial Order | September 19, 2016, or as permitted by the Court's schedule |
| Pretrial Conference | October 3, 2016, or as permitted by the Court's schedule |

5

|  |  |
|---|---|
| Trial | October 17, 2016, or as permitted by the Court's schedule |

**Discovery scope and limitations:** VideoShare will seek discovery relating to its claims that Defendants infringe its asserted patents, including discovery on the operation of the accused products and services and issues relevant to damages. Defendants will seek discovery primarily related to VideoShare's allegations and Defendants' defenses and counterclaims in this case, including, but not limited to, non-infringement (under all alleged theories), invalidity and/or unenforceability of the patent(s)-in-suit, VideoShare's requested relief (including any injunction and/or damages sought), Defendants' equitable defenses (including laches, waiver, and estoppel), and prosecution history estoppel.

The parties agree that the discovery scope and limitations provided by the Federal Rules of Civil Procedure shall apply, subject to the proposed modifications set forth below.

(a) 30 requests for admission per side[1], except that there is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.

(b) A limit of 110 hours of non-expert depositions per side (including individual and/or 30(b)(6) depositions, and with no restriction on how many of the 110 hours a side elects to devote to 30(b)(6) depositions) with no limit on the number of depositions, provided that VideoShare shall not take the deposition of any one defendant for more than 60 hours. The 110 hour limit includes third-party depositions.

(c) No limit on the number of separate sets of requests for production.

---

[1] YouTube, Viddler, and Vimeo collectively are one "side," and VideoShare is another "side." For the avoidance of doubt, for purposes of these discovery limitations, YouTube and Google shall be considered as one defendant.

(d) 30 interrogatories per side.

9.   **Estimated trial length:** The parties anticipate that the trials against YouTube, Viddler, and Vimeo will each require 5-7 days.

10.  **Jury trial:** Plaintiff VideoShare and Defendants request a jury trial on all issues so triable.

11.  **Settlement:** The parties have not engaged in substantive settlement negotiations. The parties agree to further confer on whether mediation or other ADR mechanism may be productive.

12.  **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action:** The parties agree to work together to the extent possible to minimize the expense and burden of discovery. For example, the parties agree to cooperate in scheduling depositions to minimize travel if possible. The parties also agree to meet and confer in good faith should any disputes concerning discovery arise. The parties also agree to meet and confer concerning a schedule for the reduction of asserted claims and asserted prior art references. The parties further agree as follows:

(a) The parties agree they will not seek drafts of expert reports, drafts of declarations, or drafts of affidavits, or notes taken by experts retained in this litigation, or in any other proceeding in which the expert has been retained (except if an expert has relied on an interview in his expert report, declaration, or affidavit, then all notes, summaries or transcripts relating to that interview shall be discoverable). The parties further agree they will not seek documents or information relating to communications between such experts and counsel, including email communications, whether generated in connection with this litigation or any other proceeding in which the expert has been retained, except for documents, information, and things included in or attached to such communications that are directly relied upon by the expert in his or her expert

7

    report, declaration, affidavit, or testimony.

(b) The parties agree to provide to the other side electronically editable versions of discovery requests and any other document that contains content that must be incorporated into a responsive document.

**13.** **Certification of conference**. The undersigned below confirm that counsel for the parties have conferred about each of the above matters.

Dated: November 14, 2014

FARNAN LLP

/s/Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*

RICHARDS, LAYTON & FINGER, P.A.

/s/ Katharine C. Lester
Frederick L. Cottrell, III (#2555)
Katharine C. Lester (#5629)
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
lester@rlf.com

*Attorneys for Defendant Viddler, Inc.*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Defendants Google, Inc.,
YouTube, LLC, and Vimeo, LLC*